# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| WILMETTA BURROUGHS, Individually and as Administrator of the Estate of Robert D. Wolfe, Deceased, <br><br> Plaintiff, <br><br> vs. <br><br> WALGREEN CO., KV PHARMACEUTICAL COMPANY, ETHEX CORPORATION, DIANE FEIGHTNER, and JOHN DOES 1 through 4, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | NO. CIV-11-102-D |

## **O R D E R**

Before the Court is the Defendants' Motion for a Stay [Doc. No. 6]. In their Motion, Defendants argue that the claims asserted in this action are identical to those in a previously filed lawsuit pending in the State of Illinois. Defendants contend that, prior to filing this action, Plaintiff was joined as an additional plaintiff in *Stephanie Fox, et al. vs. KV Pharmaceutical Company, et al.,* Case No. 09 L 286, Circuit Court for the Twentieth Judicial Circuit, St. Clair, Illinois ("Illinois lawsuit"). Defendants submit as exhibits to their motion court papers filed in the Illinois lawsuit and reflecting Plaintiff's addition as a party plaintiff by Agreed Order of October 20, 2010. Defendants' Ex. C. Defendants further argue that the allegations in the Illinois lawsuit are the same as those asserted by Plaintiff in this action, which was filed on November 5, 2010.[1]

Defendants argue that Plaintiff cannot pursue the two lawsuits in different forums, and she must elect to dismiss one of the pending actions. As an exhibit to the Motion, Defendants submit

---

[1] Plaintiff filed this action in the District Court of Garfield County, Oklahoma, and Defendants removed it to this Court on February 4, 2011 [Doc. No. 1].

a copy of correspondence sent to Plaintiff's attorneys in the Illinois lawsuit and this lawsuit. Defendants' Ex. D. In that February 8, 2011 correspondence, counsel for Defendants asked that Plaintiff decide which lawsuit she will pursue. According to Defendants, no response has been received.

In her response to the Motion, Plaintiff states she "does not object to a stay pending the resolution of the issues addressed in Defendants' Motion for Stay." Response [Doc. No. 15]. However, she offers no explanation for the filing of the two lawsuits, and she does not state whether she intends to pursue this action. Her response indicates she intends to dismiss one of the two lawsuits; however, her intentions are not clearly stated.

In the meantime, Defendant Diane Feightner filed a Motion to Dismiss [Doc. No. 7], arguing the statute of limitations has expired as to Plaintiff's claims against her. In her response, Plaintiff referred to Defendants' request for a stay of this action, and she again stated she has no opposition to a stay. As a result, she requested that a decision on Defendant Feightner's motion also be stayed.

Although Defendants' exhibits indicate the claims asserted in the Illinois lawsuit are substantially similar, if not identical, to those in this action, that does not necessarily mandate a stay of this lawsuit. "[T]he existence of proceedings in state court does not by itself preclude parallel proceedings in federal court." *Fox v Maulding,* 16 F. 3d 1079, 1082 (10th Cir. 1994). Instead, the Court must apply the requirements of the *"Colorado River* doctrine" to determine whether it may dismiss or stay this action because of the previously filed state court lawsuit. *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). "The *Colorado River* doctrine applies to 'situations involving the contemporaneous exercise of concurrent jurisdictions...by state and federal courts.'"*Fox*, 16 F.3d at 1080 (quoting *Colorado River*, 424 U. S. at 817). "The

2

*Colorado River* Doctrine controls when deciding ... whether a district court should [ ] stay[ ] or dismiss[ ] a federal suit pending the resolution of a parallel state court proceeding." *BNSF Ry. Co. v. Brown,* 250 F.R.D.544, 546 (D.Kan. 2008) (citing *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999)).

In this case, the briefs submitted by Defendants and Plaintiff contain no reference to the *Colorado River* doctrine or its application to this case. Nevertheless, the Court is required to apply the doctrine to determine whether a stay is appropriate. Although "the decision whether to defer to the state courts is necessarily left to the discretion of the district court in the first instance," such discretion "must be exercised under the relevant standard prescribed by the Court" in *Colorado River. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 19 (1983).

In *Colorado River*, the Supreme Court emphasized the "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River*, 424 U.S. at 817. As a result of that obligation, "the circumstances permitting the dismissal of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention." *Id.* As the Tenth Circuit has explained:

> The doctrine permits a federal court to dismiss or stay a federal action in deference to pending parallel state court proceedings, based on "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'"

*Fox,*16 F.3d at 1080 (quoting *Colorado River,* 424 U. S. at 817).

Whether the circumstances permit a stay must be determined by applying a two-part analysis. First, the Court must determine if the state and federal actions are parallel proceedings; if they are

3

parallel, a stay is not necessarily mandated, as the Court must then apply certain factors dictated by *Colorado River* to determine the propriety of a stay. *Fox*, 16 F. 3d at 1081.

In this case, application of the initial part of the analysis requires a comparison of the claims and parties in the Illinois lawsuit with those in this case to determine if the two actions are parallel within the meaning of *Colorado River*. "'Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.'" *Fox*, 16 F. 3d at 1081 (quoting *New Beckley Mining Corp. v. International Union, UMWA*, 946 F. 2d 1072, 1073 (4th Cir. 1991), *cert. denied,* 503 U.S. 971 (1992)). In this case, Defendants' exhibits include a copy of the Sixth Amended Complaint filed in the Illinois lawsuit. Defendants' Ex. B. A review of that pleading reflects that Plaintiff and others assert claims against K-V Pharmaceutical Company ("K-V") and Ethex Corporation ("Ethex"), alleging those defendants manufactured and/or sold defective pharmaceutical products; each Plaintiff contends that he/she suffered injury after ingesting these pharmaceutical products. Some of the claimants, including Plaintiff, assert claims as survivors or administrators of the estates of individuals whose deaths allegedly resulted from ingesting the pharmaceutical products at issue. The claims asserted in the Illinois lawsuit include tort claims based on theories of strict liability, negligence, failure to warn consumers of risks associated with the products, and common law fraud; breach of warranty claims are also asserted. Plaintiffs representing decedents bring their claims as wrongful death claims.

In this case, Plaintiff also sues K-V and Ethex. She brings this action individually and as administrator of the estate of her deceased son, Robert D. Wolfe, whose death was allegedly caused by his ingestion of the same pharmaceutical products as those at issue in the Illinois lawsuit. In this case, however, Plaintiff also sues Walgreen Company ("Walgreen"), the pharmacy where the

decedent obtained the prescription, and Diane Feightner, the Walgreen pharmacist who filled the prescription allegedly causing his death. In addition, Plaintiff names four "John Doe" defendants.[2]

A comparison of the allegations in the two lawsuits reflects that Plaintiff alleges essentially the same causes of action as she asserts in the Illinois lawsuit. She asserts tort claims of strict liability, negligence, negligence per se, and breach of warranty. She also asserts a claim based on Oklahoma law, alleging a violation of Oklahoma's deceptive trade practices act. In both cases, however, the central contention involves the pharmaceutical drug which allegedly caused injury or death; the various tort claims are based on the allegation that the drug was dangerous or defective.

Having reviewed the allegations in the Illinois lawsuit and this action, it is apparent that the causes of action asserted in this case are substantially the same as those asserted by Plaintiff and others in the Illinois lawsuit. Although Plaintiff has named additional defendants in this action, the claims asserted against K-V and Ethex are essentially identical in the two lawsuits. However, the claims in the two cases need not be identical to constitute "parallel" actions for purposes of the *Colorado River* doctrine; the test is whether the parties and the issues are "substantially the same." *Fox*, 16 F. 3d at 1081.

In her response to the Defendants' motion and her response to Defendant Feightner's motion, Plaintiff does not dispute that the two lawsuits are substantially the same. Accordingly, the Court concludes that the two actions are parallel, and the record before the Court reflects that the Illinois lawsuit presents an "adequate vehicle for the complete and prompt resolution of the issues between the parties." *Fox*, 16 F. 3d at 1081. Plaintiff presents no argument to the contrary. The Court concludes that this action and the Illinois lawsuit are parallel actions within the meaning of the

---

[2]The Amended Petition, filed in the District Court of Garfield County, Oklahoma prior to removal to this Court, does not explain the alleged basis for the liability of the John Doe defendants.

*Colorado River* doctrine.

The Court must next apply the second prong of the *Colorado River* analysis to determine whether it should decline to exercise jurisdiction in deference to the parallel proceeding in the Illinois lawsuit. To do so, the Court must analyze the particular circumstances of the two cases by considering the following factors:

> (1) whether either court has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the courts obtained jurisdiction.

*Fox*, 16 F.3d at 1081 (citing *Colorado River*, 424 U.S. at 819). The initial factor appears inapplicable here, as this Court has not assumed jurisdiction over any property, and the record before the Court contains no suggestion that the Illinois court has done so. The second factor also appears inapplicable, as no party argues that this forum is inconvenient. With respect to the third factor, a comparison of the two lawsuits reflects that the critical issues involve the contention that the prescription drug ingested by Plaintiff's decedent and others was defective or dangerous and, if so, whether the manufacturer/distributor were aware of the defect or danger and failed to adequately warn consumers, or otherwise failed to act to avoid injury to consumers. Those complex products liability and negligence claims are asserted in both lawsuits against K-V and Ethex, and the determination of those issues is at least potentially dispositive of the liability of Walgreen and Feightner in this case. The existence of these same issues in the parallel cases risks piecemeal litigation of the critical issues; furthermore, applying the fourth *Colorado River* factor, it is not disputed that the Illinois lawsuit was filed prior to this action, and it is likely to proceed to trial before this action can be adjudicated.

In addition to the foregoing, *Colorado River* suggests that the Court may consider other

factors, including "the vexatious or reactive nature of either the federal or the state action, whether federal law provides the rule of decision...the adequacy of the state court action to protect the federal plaintiff's rights," and whether the party opposing the stay "has engaged in impermissible forum shopping." *Colorado River*, 424 U.S. at 819. The record in this case does not indicate that either action is vexatious or reactive. Federal law does not provide the rule of decision, and Plaintiff does not suggest that the Illinois lawsuit is inadequate to protect her rights. Because Plaintiff expressly does not object to the requested stay, there is no need to consider the issue of forum shopping. Thus, these factors do not significantly impact the Court's decision.

In applying the *Colorado River* analysis, the Court should balance all applicable factors, and "any doubt should be resolved in favor of exercising jurisdiction." *Fox*, 16 F.3d at 1081. In balancing the factors as applied to this case, however, the Court concludes that the requested stay is appropriate. While this Court may properly exercise jurisdiction over the claims asserted, the previously filed Illinois lawsuit asserts essentially the same allegations, and there is no indication that Plaintiff's rights are not fully protected in that lawsuit. Furthermore, Plaintiff has asserted no argument in opposition to a stay.

Both Defendants and Plaintiff suggest that Plaintiff intends to dismiss her claims in one of the two lawsuits. For reasons that are unclear to the Court, Plaintiff has not yet notified the parties or the Court of her decision in this regard. Accordingly, the Motion for Stay [Doc. No. 6] is GRANTED, subject to the following conditions. In the event Plaintiff elects to dismiss this action, she must promptly notify the Court, and seek to lift the stay for the purpose of filing the appropriate papers to effect the dismissal. Otherwise, this action is stayed for all purposes pending the completion of the Illinois lawsuit. This action will be administratively closed for 180 days, subject

to Plaintiff's right to reopen it for the purpose of dismissing this case or providing notice of the dismissal of her claims in the Illinois lawsuit. Prior to the termination of the 180-day closure period, the parties shall jointly notify the Court of the status of the Illinois lawsuit and any need to extend the closure period herein. If the parties do not so notify the Court, this action will be deemed to be dismissed without prejudice.

As a result of this Order, Defendant Feightner's Motion to Dismiss [Doc. No. 7] is moot, and need not be addressed by the Court. The motion is denied as moot, without prejudice to its reassertion in the event Plaintiff pursues this action.

IT IS SO ORDERED this 5th day of May, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE